FILED & ENTERED

JUN 22 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: <br><br> **CORONA CARE CONVALESCENT CORPORATION,** <br><br> Debtor. <br><br> In re: <br><br> **CORONA CARE RETIREMENT, INC.,** <br><br> Debtor. | Case No. 2:13-bk-28497-RK <br><br> Jointly Administered with Case No. 2:13-bk-28519-RK <br><br> Chapter 11 <br><br> **ORDER GRANTING MOTION TO APPROVE STIPULATION FOR REIMBURSEMENT TO PURCHASER PURSUANT TO MANAGEMENT AND OPERATIONS TRANSFER AGREEMENT** <br><br> HEARING: <br> DATE:    June 25, 2015 <br> TIME:    2:30 p.m. <br> PLACE:  Courtroom 1675 <br>            255 East Temple Street <br>            Los Angeles, CA 90012 |

Pending before the court is the Motion to Approve Stipulation for Reimbursement to Purchaser Pursuant to Management and Operations Transfer Agreement ("Motion"). ECF 275. The Motion seeks approval of a stipulation entered into between Richard K. Diamond, the duly appointed Chapter 11 Trustee, and Corona-Let, LLC ("Stipulation"). The Stipulation has been entered by these parties to resolve a dispute between them as

to any liability of the Trustee to Corona-Let, LLC related to certain costs incurred after this court approved the sale of estate assets to Corona-Let, LLC on April 30, 2015. ECF 251.

The court has read and considered the moving papers and supporting Declaration of the Trustee. ECF 287. No opposition has been filed to the Motion. The court determines that good cause has been shown to grant the Motion and approve the Stipulation under applicable legal standard set out in *In re A & C Properties,* 784 F.2d 1377, 1380-1381 (9th Cir. 1986). As set forth in the Trustee's supporting declaration, the settlement is to resolve a dispute between the parties over the meaning and effect of the Management and Operations Transfer Agreement and that the settlement is based on reasonable terms under the circumstances arising the potential for differing interpretations of the language of the agreement relating to the estate's obligation to reimburse the purchaser for certain expenses which could involve parol evidence and contract interpretation, and Trustee's declaration satisfies his burden of showing the reasonableness, fairness and adequacy of the settlement in light of these circumstances which could involve some risk and expense to the estate in further litigation, which would be reasonably minimized under the settlement. ECF 287 at 2-3. Thus, the court can determine that the settlement is in the paramount interest of creditors in promptly settling this dispute at a fair and reasonable sum without the need for further and potentially expensive litigation which might needlessly drain value from the estate.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The court determines that oral argument is not necessary on the Motion and may be dispensed with.
2. The Motion is taken under submission and GRANTED;
3. The Stipulation is approved for the reasons recited therein and for lack of timely written opposition.
4. Pursuant to the approved Stipulation, Trustee is authorized to perform under the terms of the Stipulation;

5.  The hearing on the Motion, currently set for June 25, 2015 at 2:30 p.m., is vacated and taken off calendar.  No appearances are required on June 25, 2015.

IT IS SO ORDERED.

### 

Date: June 22, 2015

Robert Kwan
United States Bankruptcy Judge

3